IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **PHILLIP RAY HARKLESS, # 266580,** : | |
|     **Plaintiff,** : | |
| **vs.** : | **CIVIL ACTION 11-0530-CG-N** |
| **DEBORAH TONEY, et al.,** : | |
|     **Defendants.** : | |

### REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted.

**I. Amended Complaint.** (Doc. 26).

This action is before the Court for the screening of plaintiff's amended complaint that the Court ordered him to file due to his persistent filing of amendments to his original complaint. (Doc. 18). Plaintiff was ordered to file an amended complaint containing all of his claims on the Court's § 1983 complaint form in order to avoid relying on the past complaint and amendments and the filing of future amendments. (Id.). Although plaintiff was ordered to file a "short and plain statement" for his amended complaint, the amended complaint consists of forty-three pages. (Doc. 26). Two additional copies of the motion for leave to amend that is attached to the complaint form are included in the amended complaint. (Id. at 8, 19, 37).

Plaintiff names as defendants Chauncey Johnson, an officer at Atmore Community Work Center ("work release"), and Deborah Toney, the warden at work release.  (Doc. 26 at 5).  Plaintiff's allegations reflect that on September 4, 2011, defendant Johnson "unplugged [his] c-pap machine while [he] was asleep, causing a suction of the mask to [his] face, which caused [him] chest pains, and a bad headache" and to awake "in [a] sweat, [with difficulty] breath[ing], g[]asping for air[.]"  (Id. at  8).  At his request, plaintiff was taken to Fountain Correctional Center and was examined by a doctor who ran a test and prescribed medicine.  (Id. at 4).  The nurse told plaintiff and the officer who brought plaintiff what defendant Johnson did is very dangerous because plaintiff could suffocate or have more problems.  (Id.).  The nurse also told plaintiff to have his blood pressure checked because if it did not go down, the doctor may have to change his medicine.  (Id. at 15).  Plaintiff stated that "this [was] not the first time something sim[i]lar to this has happen[ed] dealing [his] c-pap machine."  (Id. at 8).  On September 5, 2011, he wrote a request slip to defendant Toney hoping she would address defendant Johnson about this and to make sure that it did not happen again.  (Id. at 8).  Instead, on September 13, 2011, defendant Toney, who had been off the week before, called him to the office and asked about the § 1983 complaint against her and defendant Johnson and told him she was not scared of a lawsuit and not to give a complaint to one of her officers.  (Id. at 9).  Plaintiff claims that defendants "do not care about the pain and suffering they have caused [him] and [they] fail to realize that sleep apnea is a very serious medical condition. . . and that he has severe sleep apnea[.]"  (Id.).  For relief, plaintiff wants $75,000 in damages for mental stress, pain and suffering (id. at 7), and then he states he wants $75,000 from each defendant.  (Id. at  11).

**II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

2

Because plaintiff is proceeding in forma pauperis, the Court is reviewing the amended complaint (Doc. 26) under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[1]  A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 566 U.S. ___, ___, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original).  The court will treat these factual allegations as true.  Iqbal, 566 U.S. at __, 129 S.Ct. at 1949.  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a

---

[1] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996.  Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).  However, dismissal is now mandatory under § 1915(e)(2)(B).  Id. at 1348-49.

3

complaint, dismissal for failure to state a claim is also warranted.  Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney.  Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972).  However, a court, does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, 129 S.Ct. 1937.  And a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III.  Discussion.**

Because plaintiff was a prisoner when he filed this action, his action is subject to 42 U.S.C. § 1997e(e).  This statute, titled "Limitation on Recovery," provides that: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e); see Hughes v. Lott, 350 F.3d 1157, 1162 (11th Cir. 2003) (applying § 1997e(e) to § 1983 actions).  This statute limits the recovery of monetary damages by prisoner plaintiffs for claims based on mental or emotional injuries, suffered while in custody, when no physical injury connected to mental or emotional injury is present.  42 U.S.C. § 1997e(e).  And the physical injury that must be shown must be greater than de minimis.  Harris v. Garner, 190 F.3d 1279, 1286 (11th Cir. 1999) ( "We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in Hudson [v. McMillian, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) ] for

analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than de minimis, but need not be significant."), vacated, 197 F.3d 1059 (11th Cir. 1999), reinstated in pertinent part , 216 F.3d 970 (11th Cir. 2000), cert. denied, 532 U.S. 1065 (2001); Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312 (11th Cir. 2002) (holding physical injuries must be more than de minimis); see, e.g., Harris, 190 F.3d at 1286-87 (finding a "dry shave" did not constitute an injury that was more than de minimis); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) (finding that a bruised ear which lasted for three days was de minimis); Mobley v. Grasco, No. 5:11cv170/SPM/EMT, 2011 WL 3163159, at *2 (N.D. Fla. July 1, 2011) (finding the claim of "pain and suffering" did not allege an injury).  Although § 1997e(e) excludes recovery of punitive and compensatory damages for mental or emotional injuries unaccompanied by a prior physical injury, injunctive and declaratory relief and nominal damages are available for a violation of a constitutional or federal right.  Al-Amin v. Smith, 637 F.3d 1192, 1196-97 (11th Cir.) (observing other courts which noted that remaining remedies are ample and that the Constitution does not demand an individually effective remedy for every constitutional violation) (citations and quotation marks omitted), cert. denied, 555 U.S. 820 (2008); Korngay v. Burt, No. 3:09cv281/LAC/EMT, 2011 WL 839496, at *11 n. 4 (N.D. Fla. Feb. 8, 2011) (unpublished) (noting that other circuits have allowed nominal damages when there has been a violation of an absolute constitutional right).

In the present action, plaintiff alleges that as result of his c-pap machine[2] being unplugged, he had chest pains and a bad headache and woke up in a sweat gasping for air.  (Id. at 8).  Other courts have considered these type of injuries to be only de minimis injuries.  Quilan v. Personal Trans. Servs. Co., 329 F. App'x 246, at **2 (11th Cir. 2009) (unpublished) (finding that § 1997e(e) barred an asthmatic plaintiff's compensatory and punitive damages requests that were based on complaints "of temporary chest pain, headache, and difficulty breathing while in the van" along with current episodes of back pain as de minimis injuries);[3] Hall v. Plumber Official, No. 10-20814-Civ-Moreno, 2011 WL 1979721, at *14 (S.D. Fla. Apr. 26, 2011) (unpublished) (finding that plaintiff's allegations of "dehydration, severe diarrhea, gastroesophogeal reflux disease, chest pain, abdominal pain, bleeding gums, plaque build up, depression, constant severe and unnecessary pain [being]a direct result of lack of running water from his sink" did not show an injury that was greater than  de minimis); Osterback v. Ingram, No. 3:96CV580/LAC/SMN, 2000 WL 297840, at *7 (N.D. Fla. 2000) (unpublished) (finding that plaintiff's allegations, stemming from being confined in disciplinary confinement and close management, of "extreme pain and suffering" and a "serious, debilitating sinus condition" resulting from exposure to chemical fumes sprayed on other prisoners and the "loss of muscle tone, a gain[] of body fat, a loss of cardiovascular and pulmonary health, develop[ment] of skin and scalp conditions ..., migraine headaches, bouts of sleeplessness and listless, among other things" were not injuries

---

[2] A CPAP (continuous positive airway pressure) machine is used for treating sleep apnea. Remington v. Mayor of Pike County, No.2:11-cv-781,TMH, 2011 WL 5102041, at *1 (M.D. Ala. Sept. 30, 2011).

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

that were greater that <u>de minimis</u>), <u>aff'd</u>, 263 F.3d 169 (11th Cir. 2001), <u>cert. denied</u>, 536 U,S. 906 (2002); <u>Powell v. Harrison</u>, No. CV208-114, 2010 WL 331922, at *3 (S.D. Ga. Jan. 28, 2010) (unpublished) (finding that plaintiff's claim that she had been diagnosed with high blood pressure was not a sufficient physical injury that would allow her to recover damages for her claims of mental and emotional injuries); see <u>Abreu v. Nicholls</u>, No. 04 Civ. 7778(DAB)(GWG), 2011 WL 1044373, at *3 (S.D. N.Y. Mar. 22, 2011) (unpublished) (listing other cases where headaches, mental conditions, shortness of breath, pounding heart, hyperventilation, stress, and dizziness, among others, were not found to be greater than <u>de minimis</u>).  This Court likewise concludes that plaintiff's injury allegations do not present an injury that is greater than <u>de minimis</u>.

Turning to the relief plaintiff requested, he wants damages "for the maximum in which the court will allow, seventy five $75,000.00 thousand dollars" for his mental stress and pain and suffering. (Doc. 26 at 7). Elsewhere in the amended complaint he states that he wants that amount from each defendant. (<u>Id.</u> at 11). No other facts detailing his mental stress and pain and suffering are provided.  And plaintiff gives no indication in his amended complaint (Doc. 26) as to the specific type of damages he is seeking.  However, in his earlier complaint and amendment, he made a singular request of the Court - to "award punitive damages 'pain and suffering' in relief for the maximum in which the court will allow." (Docs. 1 at 7; 4 at 7).

Because no physical injury is associated with his claims for mental stress and pain and suffering that is great than <u>de minimis</u>, 42 U.S.C. § 1997e(e) precludes a recovery for compensatory damages and punitive damages. <u>Smith v. Allen</u>, 502 F.3d 1255, 1271 (11th Cir. 2007), <u>abrogated on other grounds by</u> <u>Sossamon v. Texas</u>, ___U.S. ___, 131 S.Ct. 1651, 179 L.Ed.2d 700 (2011).  Nominal damages, however, may be recovered where there is a violation of

a constitutional right without actual injury.  Hughes, 350 F.3d at 1162; see Carey v. Piphus, 435 U.S. 247, 266-67, 98 S.Ct. 1042, 1053-54 (1978) (holding if plaintiffs were entitled to nominal damages for the mere violation, the damages should not exceed one dollar); Kyle v. Patterson, 196 F.3d 695, 697 (7th Cir. 1999) ("[N]ominal damages, of which $1 is the norm, are an appropriate means of vindicating rights whose deprivation has not caused actual, provable injury.").  But plaintiff does not state that he wants nominal damages, and his $75,000 request, from each or both defendants, is inconsistent with a nominal damages request.  See Harrison v. Myers, CA No. 10-0566-KD-N, 2011 WL 3204372, at *7 (S.D. Ala. July 13, 2011) (finding that the prisoner's request of $2,500 was not for nominal damages inasmuch nominal damages implies a mere token or trifling); In re Bayside Prison Litigation, CA 09–2365(RBS/JS), 2010 WL 4916716, at *4 (D.N.J. Nov. 23, 2010) (finding that "$2,000.00 surely surpasses the limit of what constitutes a 'minimal' amount of compensation by any definition of the term 'nominal' "); Ringgold v. Federal Bureau of Prisons, No. 07-2733, 2007 WL 2990690, at *5 & n.5 (D.N.J. 2007) (unpublished) (dismissing the complaint under § 1997e(e) because the alleged injury was de minimis and the plaintiff sought "compensatory damages 'in an amount not less than $2,000,000'. . . and expresse[d] no interest in nominal damages"); Qualls v. Santa Rosa County Jail, No. 3:10cv54/MCR/MD, 2010 WL 785646, at *3 n.1 ( (N.D. Fla. Mar. 4, 2010) (unpublished) (dismissing the plaintiff's complaint as it "cannot be liberally construed as requesting nominal damages, because he specifically requested only $250,000 in compensatory and/or punitive damages").  Thus, the Court concludes that plaintiff did not request nominal damages or injunctive or declaratory relief.[4]

---

[4] Furthermore, the Court observes that a request for injunctive or declaratory relief would be moot inasmuch as plaintiff is no longer incarcerated at work release but is at Fountain
(Continued)

**IV. Conclusion.**

Considering that plaintiff is a prisoner, brought this action for an incident that occurred while in prison, is seeking damages of at least $75,000 without a prior showing of physical injury that is greater than de minimis, the Court concludes that 42 U.S.C. § 1997e(e) prevents plaintiff from recovering on his claims.  Therefore, plaintiff's action is due to be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted.  Harris v. Garner, 216 F.3d at 980 (holding that dismissal of an action pursuant to § 1997e(e) is to be without prejudice).

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this  7th  day of May, 2012.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

Correctional Center away from defendants.  (Doc. 27); see Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988), cert. denied, 488 U.S. 1046 (1989) ("[A]n inmate's request for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once an inmate has been transferred.") (quoting Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985)), cert. denied, 488 U.S. 1046 (1989).

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.    **<u>Objection</u>**.  Any party who objects to this recommendation, or anything in it, must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[5] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **<u>Transcript (applicable Where Proceedings Tape Recorded)</u>**.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

   **DONE** this  7th  day of May, 2012.

                              /s/ Katherine P. Nelson
                              UNITED STATES MAGISTRATE JUDGE

---

[5] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).